```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/14/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SPIN MASTER LTD.,

                Plaintiff,

-against-

>TC TOY CITY STORE, DISNEY ZY TOY STORE, HAND SHAKE1119 STORE, JUNRU NO.2 STORE, MODEL HOUSE STORE, POKEMONES FLASHCARD STORE, SHIYUZHU TOY STORE, SHOP5626016 STORE, SHOP910716127 STORE, SHOP911053106 STORE, SHOP911237123 STORE, SHOPBAKUGAN STORE, SHOPPOKEMON STORE, TOY FACTORY STORE STORE, YC TOY STORE, YIXUAN888 STORE, ZHANG 1230 STORE, ZHWENYIN STORE and ZIROU STORE,

                Defendants.

22 Civ. 890 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On February 2, 2022, Plaintiff filed a complaint against 19 Defendants. Compl. ¶¶ 45–96, ECF Nos. 2, 8. On February 4, 2022, Plaintiffs requested and the Honorable Sidney H. Stein granted a temporary restraining order ("TRO") enjoining Defendants from continuing their conduct infringing on Plaintiff's trademark. ECF Nos. 3, 15. On February 7, 2022, Judge Stein extended the TRO. ECF Nos. 4, 16. On February 16, 2022, Plaintiff served on each Defendant the summons, complaint, TRO and all papers filed in support of the application, and on February 18, 2022, Plaintiff served on each Defendant Judge Stein's order amending the briefing schedule. ECF No. 19. On February 23, 2022, this Court held a hearing regarding the Court's order to show cause why a preliminary injunction should not issue. ECF Nos. 5, 17. Defendants did not appear at the hearing, and the Court issued a preliminary injunction. ECF Nos. 5, 18.

On September 8, 2022, the Court directed Plaintiff to file a letter by September 15, 2022, stating how Plaintiff plans to proceed with the case. ECF No. 23. The Court reminded Plaintiff that, if it intended to move for default judgment, it would need to provide proof of personal jurisdiction for each claim as to each defaulting Defendant. *Id.* On September 14, 2022, Plaintiff filed a letter stating that it intends to move for default judgment against all Defendants. ECF No. 24. On September 15, 2022, the Court ordered that Plaintiff file its motion by October 28, 2022. ECF No. 25. On October 25, 2022, the Clerk of Court issued a certificate of default as to all Defendants. ECF No. 28. On October 28, 2022, Plaintiff filed its proposed order to show cause why a default judgment and permanent injunction should not issue, ECF No. 29, and its proposed default judgment, ECF No. 33.

Plaintiff has not alleged sufficient facts to prove personal jurisdiction. The Court cannot enter a default judgment in the absence of personal jurisdiction. Accordingly, by December 23, 2022, Plaintiff shall provide information supporting personal jurisdiction as to each Defendant.

## DISCUSSION

### I. Legal Standard

As directed by the Court's September 8, 2022 Order, Plaintiff must provide proof of personal jurisdiction as to each Defendant before the Court can enter a default judgment. ECF No. 23; *see Burns v. Scott*, No. 20 Civ. 10518, 2022 WL 10118491, at *5 (S.D.N.Y. Oct. 17, 2022) ("Personal jurisdiction is 'a necessary prerequisite to entry of a default judgment.'" (citation omitted)). Plaintiff claims that the Court has "already implicitly acknowledged . . . [that it] has personal jurisdiction over Defendants" by issuing a TRO, ECF No. 15, and a preliminary injunction, ECF No. 7. Pl. Mem. at 4, ECF No. 32. But, the Court's prior orders do not negate Plaintiff's burden of proving personal jurisdiction before the entry of a default judgment and

2

permanent injunction.  *See Spin Master Ltd. v. 158*, 463 F. Supp. 3d 348, 360 (S.D.N.Y. 2020), *adhered to in part on reconsideration*, No. 18 Civ. 1774, 2020 WL 5350541 (S.D.N.Y. Sept. 4, 2020).  Even where the Court previously issued a TRO and a preliminary injunction, and even where the Court "previously determined there was personal jurisdiction at the TRO stage," "it is appropriate for the Court to assure itself that it has personal jurisdiction over those defendants it purports to bind indefinitely" before it grants a motion for default judgment and permanent injunction.  *Id.* (citing *Sinoying Logistics Pte Ltd. v. Yi Da Xin Trading Corp.*, 619 F.3d 207, 213 (2d Cir. 2010)); *see also Alibaba Grp. Holding Ltd. v. Alibabacoin Found.*, No. 18 Civ. 2897, 2018 WL 2022626, at *9 (S.D.N.Y. Apr. 30, 2018) (dissolving a temporary restraining order and declining to enter an injunction due to lack of personal jurisdiction over the defendant).

Plaintiff must show that personal jurisdiction exists as to each Defendant.  *See Cenage Learning, Inc. v. Buckeye Books*, 531 F. Supp. 2d 596, 599 (S.D.N.Y. 2008) ("Lumping all the 'defendants' together for purposes of alleging connections to New York is, however, patently insufficient."); *see also Astor Chocolate Corp. v. Elite Gold Ltd.*, No. 18 Civ. 11913, 2020 WL 2130680, at *8–12 (S.D.N.Y. May 5, 2020).

In a trademark case, the Court determines whether personal jurisdiction exists first by applying the long-arm statute of the forum state—here, New York—and then analyzing whether personal jurisdiction comports with the Due Process Clause of the United States Constitution.  *Spin Master Ltd.*, 463 F. Supp. at 362 (citing *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 35 (2d Cir. 2010); *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163–64 (2d Cir. 2010); and *Licci v. Lebanese Canadian Bank*, 732 F.3d 161, 168 (2d Cir. 2013)).

Plaintiff alleges personal jurisdiction exists over each Defendant pursuant to N.Y.C.P.L.R. § 302(a)(1) and N.Y.C.P.L.R. § 302(a)(3).  Compl. ¶ 3.  N.Y.C.P.L.R. § 302(a)(1) provides that

personal jurisdiction exists over a non-domiciliary that "transacts any business within the state or contracts anywhere to supply goods or services in the state." Plaintiffs must meet two requirements to establish personal jurisdiction under § 302(a)(1): "(1) The defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." *Eades v. Kennedy PC Law Offices*, 799 F.3d 161, 168 (2d Cir. 2015) (quoting *Licci*, 732 F.3d at 168). A defendant "transact[s] business" in the state if it has engaged in "purposeful activity" by "purposefully avail[ing] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 246–47 (2d Cir. 2007) (quoting *McKee Elec. Co. v. Rauland-Borg Corp.*, 229 N.E.2d 604, 607 (N.Y. 1967)); *see also Chloe*, 616 F.3d at 169. When a defendant is alleged to have "transacted business" through a website, courts apply a "sliding scale" test to determine whether operation of a website accessible in New York constitutes purposeful availment. *Spin Master Ltd.*, 463 F. Supp. at 362. The more "interactive" the website in soliciting information from potential buyers in New York, the more likely a court is to find purposeful availment. *See Chloe*, 616 F.3d at 170; *Alpha Int'l, Inc. v. T-Reproductions, Inc.*, No. 02 Civ. 9586, 2003 WL 21511957, at *3 (S.D.N.Y. July 1, 2003).

It is insufficient to allege that a defendant conducts business through an interactive third-party website; the defendant must use the website to reach into the forum state in some meaningful way. *See Savage Universal Corp. v. Grazier Constr., Inc.*, No. 04 Civ. 1089, 2004 WL 1824102, at *8–9 (S.D.N.Y. Aug. 13, 2004). It is also insufficient to allege that a defendant merely offers a product outside New York for sale in New York if no sale actually takes place in New York or to a New York resident, even if the defendant operates a commercial website capable of reaching customers in New York. *Spin Master Ltd.*, 463 F. Supp. 3d at 364–65; *Alibaba Grp. Holding*,

4

2018 WL 2022626, at *4; *Savage Universal Corp.*, 2004 WL 1824102, at *9.

N.Y.C.P.L.R. § 302(a)(3) provides that personal jurisdiction exists over a non-domiciliary that "commits a tortious act without the state causing injury to person or property within the state . . . if he (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." Plaintiff must allege that "(1) the defendant committed a tortious act outside New York; (2) the cause of action arose from that act; (3) the tortious act caused an injury to a person or property in New York; (4) the defendant expected or should reasonably have expected the act to have consequences in New York; and (5) the defendant derived substantial revenue from interstate or international commerce." *Spin Master Ltd.*, 463 F. Supp. 3d at 365 (quoting *Penguin Grp.*, 16 N.Y.3d at 302). Plaintiff's injury is deemed to take "place where its business is lost or threatened." *Id.* (quoting *Penguin Grp.*, 16 N.Y.3d at 305). Thus, Plaintiff must plead lost sales or lost consumers in New York. *See Energy Brands Inc. v. Spiritual Brands, Inc.*, 571 F. Supp. 2d 458, 467 (S.D.N.Y. 2008) (quoting *Am. Network, Inc. v. Access Am./Connect Atlanta, Inc.*, 975 F. Supp. 494, 497 (S.D.N.Y. 1997)). And, Plaintiff must plead that Defendants made sales to New York or otherwise targeted New York such that they "purposefully availed [themselves] of the benefits of the laws of New York, to the extent that [t]he[y] would reasonably anticipate being haled into a New York court." *Id.* at 468. Foreseeability of harm is insufficient; it "must be coupled with evidence of a purposeful New York affiliation, for example, a discernible effort to directly or indirectly serve the New York market." *Id.* (citation omitted).

II. <u>Analysis</u>

Plaintiff does not allege sufficient facts to prove personal jurisdiction as to any individual Defendant, each of which is located in China. Compl. ¶ 26. First, Plaintiff improperly makes allegations as to personal jurisdiction over Defendants as a group. *See* Compl. ¶¶ 3, 23, 26–27, 31, 34 (referring only to "Defendants" in the aggregate); *see also Cenage Learning, Inc.*, 531 F. Supp. 2d at 599 ("Lumping all the 'defendants' together for purposes of alleging connections to New York is . . . patently insufficient."). Second, Plaintiff does not allege that any Defendant actually made sales in New York. Plaintiff alleges that consumers in New York "can view" Defendants' storefronts on online marketplaces such as Alibaba and AliExpress, that Defendants are capable of shipping products to New York, that Defendants accept U.S. currency, and that Defendants offer for sale counterfeit products to consumers in the U.S., including New York. Compl. ¶¶ 3(a)–(c), 26–27, 31, 34–35. Plaintiff also alleges that it verified that each Defendant offers shipping to a specific address in New York. *Id.* ¶ 34. But, Plaintiff does not allege that any Defendant actually made sales to consumers in New York. Compl. Ex. C.

Plaintiff has failed to meet its burden of showing that each Defendant engaged in transactions in New York. Thus, Plaintiff has failed to adequately plead personal jurisdiction over each Defendant. Accordingly, by **December 23, 2022**, Plaintiff shall provide additional information supporting personal jurisdiction as to each Defendant. Failure to do so will result in dismissal of this action for lack of personal jurisdiction.

SO ORDERED.

Dated: December 14, 2022
      New York, New York

_____
ANALISA TORRES
United States District Judge