USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _5/2/2023_____

Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone:     (212) 292-5390
Facsimile:     (212) 292-5391
*Attorneys for Plaintiff*
*Spin Master Ltd.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPIN MASTER LTD., *Plaintiff* v. >TC TOY CITY STORE, DISNEY ZY TOY STORE, HAND SHAKE1119 STORE, MODEL HOUSE STORE, SHIYUZHU TOY STORE, SHOP5626016 STORE, SHOP911237123 STORE, TOY FACTORY STORE STORE, YC TOY STORE, YIXUAN888 STORE, ZHANG 1230 STORE, ZHWENYIN STORE and ZIROU STORE, *Defendants* | **CIVIL ACTION No. 22-cv-890 (AT)** **FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER** |

1

## GLOSSARY

| Term | Definition | Docket Entry Number |
|---|---|---|
| **Plaintiff or Spin Master** | Spin Master Ltd. | N/A |
| **Defendants or Defaulting Defendants** | >TC Toy City Store, Disney Zy Toy Store, Hand shake1119 Store, Model House Store, shiyuzhu toy Store, Shop5626016 Store, Shop911237123 Store, Toy factory store Store, YC Toy Store, YIXUAN888 Store, Zhang 1230 Store, zhwenyin Store, and Zirou Store | N/A |
| **Alibaba** | Alibaba.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York | N/A |
| **AliExpress** | Aliexpress.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York | N/A |
| **Sealing Order** | Order to Seal File entered on January 28, 2022 | Dkt. 1 |
| **Complaint** | Plaintiff's Complaint filed on February 2, 2022 | Dkt. 8 |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff | N/A |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 | N/A |
| **Application** | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on February 2, 2022 | Dkts. 11-14 |
| **Harrs Dec.** | Declaration of Christopher Harrs in Support of Plaintiff's Application | Dkt. 12 |

| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application | Dkt. 13 |
|---|---|---|
| **Spin Master Brand(s)** | Well-known brands, including Twisty Petz, Rubik's Cube, Flutterbye Fairy, Bunchems and Hatchimals, as well as under their licensed properties, such as Paw Patrol and Air Hogs | N/A |
| **Bakugan Products** | A collection of action figures, card games and other toys and merchandise based off of an anime adventure series first aired in Japan | N/A |
| **Bakugan Registrations** | U.S. Trademark Registration Nos.: 3,490,360 for "BAKUGAN" for goods in Class 28; 3,934,807 for "BAKUGAN DEKA" for goods in Class 28; and 3,942,542 for " [BAKUGAN BATTLE BRAWLERS logo] " for goods in Classes 28, 38 and 41 | N/A |
| **Bakugan Applications** | U.S. Trademark Serial Application Nos.: 87/855,164 for " [BAKUGAN BATTLE PLANET logo] " for goods in Classes 9, 16, 28, 41 and 87/687,799 for "BAKUGAN BATTLE PLANET" for goods in Classes 3, 9, 16, 18, 20, 21, 24, 25, 28 and 41 | N/A |
| **Bakugan Marks** | The Marks covered by the Bakugan Registrations and Bakugan Applications | N/A |
| **Counterfeit Products** | Products bearing or used in connection with the Bakugan Marks, and/or products in packaging and/or containing labels bearing the Bakugan Marks, and/or bearing or used in connection with marks that are confusingly similar to the Bakugan Marks and/or products that are identical or confusingly similar to the Bakugan Products | N/A |
| **Infringing Listings** | Defendants' listings for Counterfeit Products | N/A |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba and/or AliExpress, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |

3

| | | |
|---|---|---|
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | N/A |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants | N/A |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by Alibaba and/or AliExpress, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |
| **Plaintiff's Motion for Default Judgment** | Plaintiff's Motion for Default Judgment and a Permanent Injunction filed on October 28, 2022 | TBD |
| **Futterman Aff.** | Affidavit by Danielle S. Futterman in Support of Plaintiff's Motion for Default Judgment | TBD |

This matter comes before the Court by motion filed by Plaintiff for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition and related state and common law claims arising out of Defaulting Defendants' unauthorized use of Plaintiff's Bakugan Marks without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.[1]

The Court, having considered the Memorandum of Law, Affidavits of Danielle S. Futterman and Christopher Harrs in support of Plaintiff's Motion for Default Judgment and a Permanent Injunction, the Certificate of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

### I.   Defaulting Defendants' Liability

1) Judgment is granted in favor of Plaintiff on all claims properly pled against Defaulting Defendants in the Complaint;

### II.   Damages Awards

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on willful infringement, and because Plaintiff has sufficiently set forth the basis for the statutory damages award requested in its Motion for Default Judgment, the Court finds such an award to be reasonable and Plaintiff is awarded statutory damages in the amount of $50,000.00

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

("Defaulting Defendants' Individual Damages Award") against each of the thirteen (13) Defaulting Defendants pursuant to Section 15 U.S.C. § 1117(c) of the Lanham Act, for a total of Six Hundred Fifty Thousand Dollars ($650,000.00), plus post-judgment interest.

### III.     Permanent Injunction

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendants, their respective officers, agents, servants, employees, and all persons in active concert with or acting under the direction of Defaulting Defendants (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Bakugan Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Bakugan Marks.

   B. directly or indirectly infringing in any manner Plaintiff's Bakugan Marks.

   C. using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Bakugan Marks to identify any goods or services not authorized by Plaintiff;

   D. using Plaintiff's Bakugan Marks, or any other marks that are confusingly similar to the Bakugan Marks on or in connection with the manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

   E. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product

      manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants and Defaulting Defendants' commercial activities by Plaintiff;

F. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products; (ii) any computer files, data, business records, documents or any other records or evidence relating to the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products by Defaulting Defendants and by their respective officers, employees, agents, servants and all persons in active concert and participation with any of them; and

G. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Accounts, Merchant Storefronts or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiff any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe any of Plaintiff's trademarks, without limitation, the Bakugan Marks, or bear any marks that are confusingly similar to the Bakugan Marks pursuant to 15 U.S.C. § 1118.

### IV. Dissolution of Rule 62(a) Stay

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, the 30 day automatic stay on enforcing Plaintiff's judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

### V. Miscellaneous Relief

1) Defaulting Defendants may, upon proper showing and two (2) business days written notice to the Court and Plaintiff's counsel, appear and move for dissolution or modification of the provisions of this Order concerning the restriction or restraint of Defaulting Defendants' Frozen Assets and/or Defaulting Defendants' Financial Accounts;

2) Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property; and

3) The Court releases the Five Thousand U.S. Dollar ($5,000.00) security bond that Plaintiff submitted in connection with this action to counsel for Plaintiff, Epstein Drangel, LLP, 60 East 42nd Street, Suite 1250, New York, NY 10165.

**SO ORDERED.**

SIGNED this  2nd  day of  May       , 2023.
New York, New York

_____
HON. ANALISA TORRES
UNITED STATES DISTRICT JUDGE